UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES CLAIBORNE MAGEE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-5839** |
| **ST. TAMMANY PARISH JAIL, DEPUTY GUY** | **SECTION: "R"(4)** |

## PARTIAL REPORT AND RECOMMENDATION

Before the Court is a **Motion to Dismiss (Rec. Doc. No. 13)** filed by the St. Tammany Parish Jail seeking dismissal of the claims against it as a non-entity, for lack of jurisdiction, and for failure to state a claim. The motion, along with the entire matter, was referred to the United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2) and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of in part without an evidentiary hearing.

### I. Factual Summary

The plaintiff James Claiborne Magee ("Magee"), was housed in the St. Tammany Parish Jail at the time of the filing of this *pro se* and *in forma pauperis* complaint filed pursuant to 42 U.S.C.

§ 1983.[1] Magee filed this complaint against the St. Tammany Parish Jail, Deputy Guy, and Inmate Diaz. He alleges that, on November 16, 2008, Deputy Guy moved him from cell A500 to the back of the jail. He further alleges that he advised Deputy Guy that he had enemies in that part of the jail and that Warden Longino and Captain Hanson assigned him to the bunk in cell A500. He claims that Deputy Guy used foul language and ordered him to pack his things. He also refused to allow Magee to speak with a ranking officer because he feared for his safety. Deputy Guy left the tier, and Deputy Rachel Comoux went to his cell and cuffed Magee. She led him off of the tier to the sallieport. Deputy Guy then approached him from behind and electrocuted him. Magee claims that he fell to the floor. Inmate Diaz then approached him and kicked him several times, while Deputy Guy continued to shock him. Magee claims that the attack was without warning or provocation. He further alleges that the acts by Deputy Guy constituted excessive force in violation of his constitutional rights. He requests an apology and $250,000 in damages.

## II.  Standards of Review

### A.  Motion to Dismiss

The defendant, St. Tammany Parish Jail, has filed a Motion to Dismiss based on four grounds listed in Fed. R. Civ. P. 12(b): (1) Rule 12(b)(1) for lack of subject matter jurisdiction; (2) Rule 12(b)(4) for insufficiency of the summons; (3) Rule 12(b)(5) for improper service of process; and (4) Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

In considering a motion to dismiss under Rule 12(b), the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A complaint shall only be dismissed if

---

[1] He has since been transferred to the Louisiana State Penitentiary. Rec. Doc. No. 11.

it is beyond doubt that the plaintiff can prove no facts in support of his claim that would entitle him to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir.1992). While conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the granting of a Rule 12(b) motion to dismiss, such motions are viewed with disfavor and are rarely granted. *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997).

In resolving a motion under either Rule12(b)(1) or Rule 12(b)(6), the same standard is applied and the court is generally limited to considering only those allegations appearing on the face of the complaint. *Benton*, 960 F.2d at 21. However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. *Chester County Intermediate Unit v. Pa. Blue Shield,* 896 F.2d 808, 812 (3d Cir. 1990). Further, the Fifth Circuit has held that when reviewing pro se complaints, the court must employ less stringent standards, look beyond the inmates' formal complaint and consider material subsequently filed as amendments to that complaint. *Howard v. King*, 707 F.2d 215 (5th Cir. 1983); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In *Taylor v. Gibson*, the Court explained:

> It is the responsibility of the courts to be sensitive to possible abuses [in the prison systems] in order to ensure that prisoner complaints, particularly pro se complaints, are not dismissed prematurely, however unlikely the set of facts postulated. An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light. *Taylor v. Gibson*, 529 F.2d 709, 713-14 (5th Cir.1976); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

In resolving a motion pursuant to Rule 12(b)(4) and (5), the Court must determine whether the summons itself is sufficient and whether service of that summons was properly made. If process has not been properly served on a defendant, the district court has broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process. *Amous*

3

*v. Trustmark National Bank*, 195 F.R.D. 607, 610 (N.D. Miss. 2000) (*citing Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)). Dismissal of the complaint itself is inappropriate where there exists a reasonable prospect that service may be obtained. *Id.*

### B. Review for Frivolousness

Title 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### III. Analysis

#### A. Claims Against the St. Tammany Parish Jail

The movant, the St. Tammany Parish Jail, contends that the claims against it should be dismissed for the following reasons: (1) the Court lacks jurisdiction over it because it is not a suable entity; (2) the summons and service of process were insufficient because they were presented to a non-suable entity; and (3) the complaint fails to state a claim against a "person" within the meaning of § 1983. The Court is compelled to address the issue of subject matter jurisdiction as an initial matter as it impacts the resolution of this claim on other grounds stated in the motion.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights while acting under color of state law. 42 U.S.C. § 1983 (2006); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). In accordance with Fed. R. Civ. P. 17(b), Louisiana law governs whether a defendant can be sued.[2] Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24.

The federal courts have resolved that a county (or parish) prison facility is not a "person" within the meaning of Fed. R. Civ. P. 17. *Cullen v. DuPage County*, No. 99 C 1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97 CIV. 0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982). The Court finds no law, constitutional, statutory, or otherwise, that defines a parish jail or any unit or department therein to be a person with the capacity to sue or

---

[2]Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See* Fed.R.Civ.P. 17(b).

to be sued. A parish jail is, as this Court has previously described, "not an entity, but a building." *See Jones v. St. Tammany Parish Jail,* 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing St. Tammany Parish Jail with prejudice); *Dale v. Bridges*, No. 96-3088, 1997 WL 810033, at *1 n.1 (N.D. Tex. Dec. 22, 1997) (Dallas County Jail is not a jural entity capable of being sued), *aff'd*, 154 F.3d 416 (5th Cir. 1998). Thus, the St. Tammany Parish Jail is not a proper defendant in this case.

Furthermore, a parish jail also lacks the capacity to sue or be sued under Louisiana law as required by Rule 17. Although Louisiana courts have not yet ruled on the precise issue of whether a parish jail is a juridical person that can sue or be sued, the Louisiana Supreme Court in *Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So. 2d 341 (La. 1994), set forth a framework within which to determine an entity's juridical status. The Court in *Roberts* stated:

> [t]he important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. 1 Sands & Libonati, § 2.18 and authorities cited therein, §§ 2.19, 2.20. Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.

*Roberts,* 634 So. 2d at 346-47. In concluding that the Sewerage and Water Board was capable of being sued, the *Roberts* Court focused its analysis on the independent management, financing and operations of the Board. *See id.* at 352.

By contrast, in *City Council of Lafayette v. Bowen*, 649 So. 2d 611, 616 (La. Ct. App. 1994), *writ denied*, 650 So. 2d 244 (La. 1995), the Louisiana Third Circuit Court of Appeals held that under the *Roberts* analysis, the City Council of Lafayette had no capacity to sue or be sued. In so holding, the Court expressly found "no authority, constitutional, statutory, or via home rule charter" that

authorized the Lafayette City Council to institute a lawsuit on its own motion. *Bowen*, 649 So.2d at 613.

In this case, state law divides responsibility for parish jails. The parishes are charged with their jails' physical maintenance. *See* La. Rev. Stat. Ann. § 15:702 (2009). However, the duty to administer and operate the jails falls on the sheriff of each parish. *See* La. Rev. Stat. Ann. § 15:704 (2009). The office of sheriff is a constitutional one in Louisiana, existing separately from parish government. La. Const., Art. 5, § 27; *see also Langley v. City of Monroe*, 582 So. 2d 367, 368 (La. Ct. App. 1991) (holding that parish could not be liable for injuries attributed to sheriff). Under the *Roberts* framework, the St. Tammany Parish Jail is not "legally empowered to do" anything independently of either St. Tammany Parish or the St. Tammany Parish Sheriff. *Roberts*, 634 So. 2d at 347. The jail is not a separate entity, but merely a shared branch or facility of these two greater entities.

For all of these reasons, the St. Tammany Parish Jail is not a proper defendant over which this Court can exercise jurisdiction under Fed. R. Civ. P. 17. Accordingly, the motion should be granted and Magee's claims against the St. Tammany Parish Jail should be dismissed for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted.[3]

**B.     Claims Against Inmate Diaz**

Magee also named an inmate identified only as Diaz as a defendant. He claims that Diaz kicked him while he was being electrocuted by Deputy Guy.

As noted above, § 1983 imposes liability on any person who violates someone's constitutional rights under color of law. 42 U.S.C. § 1983 (2006) ; *Will*, 491 U.S. at 58. Under §

---

[3]The sufficiency of process and service of process need not be addressed.

1983, the plaintiff must prove that a constitutional violation occurred, and that the defendant's actions were taken under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). Without state action, or some proof of an overt joint action the State or one of its agents, to violate his constitutional rights, there is no liability under § 1983 by a private person or non-state actor. *Dennis*, 449 U.S. at 27-28; *Pete*, 8 F.3d at 216-17; *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir. 1992).

In this case, Magee has not alleged a claim involving state action against Inmate Diaz. *Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir. 1999); *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir.1991); *Dayse v. Schuldt*, 894 F.2d 170, 173 (5th Cir. 1990). His claims against Inmate Diaz are therefore frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915 and § 1915A.

## IV. Recommendation

It is therefore **RECOMMENDED** that the **Motion to Dismiss (Rec. Doc. No. 13)** filed by the St. Tammany Parish Jail be **GRANTED** and the claims against that defendant be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

It is further **RECOMMENDED** that the claims against the defendant, Inmate Diaz, be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim for which relief can be granted pursuant to § 1915 and § 1915A.

It is further **RECOMMENDED** that Magee's excessive force claims under § 1983 against Deputy Guy should be allowed to proceed forward and remain referred to the undersigned magistrate judge for pretrial matters pursuant to L.R. 73.2E.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 5th day of March, 2010.

                                              **KAREN WELLS ROBY**
                                     **UNITED STATES MAGISTRATE JUDGE**

---

[4] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.