UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES CLAIBORNE MAGEE | CIVIL ACTION |
| VERSUS | NO: 09-5839 |
| ST. TAMMANY PARISH JAIL, ET AL. | UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY |

### ORDER

Before the Court is a **Motion for Summary Judgment (R. Doc. 24)** filed by the Defendant, Deputy William Guy ("Deputy Guy") seeking an order granting summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. On August 2, 2010, the above-captioned matter was referred to the undersigned United States Magistrate Judge for all proceedings and an entry of judgment in accordance with Title 28 636(c) and the previously filed consent of the parties. (*See* R. Doc. 20, 21.) No opposition has been filed.

### I.   Factual Summary

The plaintiff, James Claiborne Magee ("Magee"), was housed in the St. Tammany Parish Jail at the time of the filing of this *pro se* and *in forma pauperis* complaint filed pursuant to 42 U.S.C. § 1983.[1] Magee filed this complaint against the St. Tammany Parish Jail, Deputy Guy, and Inmate Diaz. He alleges that, on November 16, 2008, Deputy Guy moved him from cell A500 to the back

---

[1] He has since been transferred to the Louisiana State Penitentiary. Rec. Doc. No. 11.

of the jail. He further alleges that he advised Deputy Guy that he had enemies in that part of the jail and that Warden Longino and Captain Hanson assigned him to the bunk in cell A500. He claims that Deputy Guy used foul language and ordered him to pack his things. He also refused to allow Magee to speak with a ranking officer because he feared for his safety. Deputy Guy left the tier, and Deputy Rachel Comoux went to his cell and cuffed Magee. She led him off of the tier to the sallieport. Deputy Guy then approached him from behind and electrocuted him. Magee claims that he fell to the floor. Inmate Diaz then approached him and kicked him several times, while Deputy Guy continued to shock him. Magee claims that the attack was without warning or provocation. He further alleges that the acts by Deputy Guy constituted excessive force in violation of his constitutional rights. He requests an apology and $250,000 in damages.

On March 5, 2010, the undersigned issued a Report and Recommendation recommending that the presiding Judge[2] grant St. Tammany Parish Jail's Motion to Dismiss. The undersigned also recommended that the Plaintiff's claims against Inmate Diaz be dismissed as frivolous and for failure to state a claim for which relief may be granted pursuant to § 1915 and § 1915A. The Court recommended that the Plaintiff's excessive force claims under § 1983 against Deputy Guy be permitted to proceed forward. (R. Doc. 16.) On April 5, 2010, the presiding Judge adopted the Report and Recommendation and dismissed St. Tammany Parish Jail and Inmate Diaz from the instant action. (R. Doc. 18.)

As to the instant motion, the only remaining Defendant, Deputy Guy, moves this Court for summary judgment. Deputy Guy contends that under Rule 56 of the Federal Rules of Civil

---

[2]Chief Judge Sarah S. Vance was the presiding Judge on this case at the time the undersigned heard the Motion to Dismiss and performed a frivolous review on the matter. Subsequently, on August 2, 2010, the entire matter was referred to the undersigned for disposition under Section 636(c) and in accordance with the filed consent of the parties.

Procedure, summary judgment is appropriate because the pleadings, admissions, affidavits, and depositions on file with the Court demonstrate that there is no genuine issue of material fact and that he is entitled to a judgment as a matter of law. The Plaintiff did not file an opposition to the motion.

## II. Standard of Review

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 ( C). The Court's task is not to resolve disputed issues of fact, but to determine whether there exists any factual issues to be tried. *See Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party. *Id.*, at 248.

However, the non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion. *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460 (3d Cir. 1989). The non-moving party cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. *Id.; see also Saunders v. Michelin Tire Corp.*, 942 F.2d 299, 301 (5th Cir. 1991).

## III. Analysis

Deputy Guy contends that his actions in using a stun gun on the Plaintiff were reasonable in controlling the Plaintiff's aggressive and combative behavior. Specifically, Deputy Guy contends that he initially used the stun gun after the Plaintiff threatened to kill him, and utilized the stun gun for a second time after the Plaintiff used his head to hit him in the nose, causing a fracture. Deputy Guy contends that the Plaintiff was charged with battery and resisting arrest for the incident and pled

guilty to both charges. Deputy Guy contends that, as a result of the Plaintiff's guilty plea, his claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 114 (1994).

In addition, Deputy Guy contends that summary judgment is appropriate because the Plaintiff did not properly comply with the grievance procedure set forth at the St. Tammany Parish Jail. Finally, Deputy Guy contends that the Court should grant his motion because he is entitled to qualified immunity.

Under *Heck v. Humphrey*, a plaintiff who has been convicted of a crime is precluded from recovering damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted, unless the plaintiff proves "that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a write of habeas corpus." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008)(citing *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "Heck requires the district court to consider 'whether judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Ballard,* 444 f.3d at 396 (quoting *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995)). This has become known as the "favorable termination rule." *Id.* (citing *Sappington v Bartee*, 195 F.3d 234, 235 (5th Cir. 1999)).

The Fifth Circuit has explained that "[a]lthough the *Heck* principle applies to § 1983 excessive force claims, the determination of whether such claims are barred is analytical and fact intensive, requiring [the Court] to focus on whether success on the excessive force claim requires

4

negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Bush*, 513 F.2d at 497 (citing *Ballard*, 444 F.3d at 400-01).

In support of his Motion for Summary Judgment, Deputy Guy provided a Bill of Information which indicates that the Plaintiff was charged with Battery on Police Officer and Resisting an Officer for the incident that occurred on November 16, 2008. (R. Doc. 24-4, pp. 1, 3.) The Plaintiff's battery charge was amended with a handwritten amendment to Simple Battery on July 12, 2010. (R. Doc. 24-4, p. 1.) On July 12, 2010, the Plaintiff entered a plea of guilty on the Simple Battery count, and withdrew his previous plea of not guilty and entered a plea of guilty on his Resisting an Officer count. (R. Doc. 24-4, pp. 2, 4.) Deputy Guy contends that if the Plaintiff were to prevail on this civil action, it would imply the invalidity of Magee's state conviction for Simple Battery and Resisting an Officer. (R. Doc. 24–3, p. 6.)

To obtain a conviction for simple battery, the State must provide that the defendant committed a battery without the consent of the victim. LSA-R.S. 14:35. La.Rev.Stat. art. 14:19 provides in part: "[t]he use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person . . . provided that the force or violence used must be reasonable and apparently necessary to prevent such offense . . . . LSA-R.S. 14:19.

Because self-defense is a justification defense to the crime of Simple Battery, Magee's claim that Deputy Guy used excessive force, if proved, would necessarily imply the invalidity of his conviction for Simple Battery. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996). Magee has not provided the Court with any indication, and the Court finds nothing in the record that would indicate, that his conviction has been reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal, or called into question by a write of habeas corpus. As a result, the Court finds that the Plaintiff's claims against Deputy Guy are barred by the doctrine set forth in *Heck* and the Motion for Summary Judgment is therefore granted. Because the Court has resolved the motion under the *Heck* doctrine, it need not address Deputy Guy's arguments concerning failure to exhaust administrative remedies and qualified immunity.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Deputy William Guy's **Motion for Summary Judgment (R. Doc. 24)** is hereby **GRANTED.**

New Orleans, Louisiana, this 28th day of January, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**